1  POLSINELLI LLP
2  CARMEN J. COLE (SBN 218489)
   ccole@polsinelli.com
   EMILY K. HARVIN (SBN 299950)
3  eharvin@polsinelli.com
4  2049 Century Park East, Suite 2900
   Los Angeles, CA 90067
5  Telephone:  (310) 556-1801
   Facsimile:   (310) 556-1802 Fax

6  Attorneys for Defendant
7  CEC ENTERTAINMENT, INC.

8
                UNITED STATES DISTRICT COURT FOR THE
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11  FERNANDO NAVA, an individual,          Case No.

12                    Plaintiff,           **DEFENDANT'S NOTICE OF
                                           REMOVAL TO FEDERAL
13         v.                              COURT PURSUANT TO 28 U.S.C.
                                           §§ 1331, 1442(A), 1446**
14  CEC ENTERTAINMENT, INC., a
    Kansas Corporation; and DOES 1
15  through 10, inclusive,,
                                           Complaint Filed: May 15, 2019
16                    Defendant.

17

18      PLEASE TAKE NOTICE that Defendant CEC Entertainment, Inc. ("CEC"

19  or "Defendant"), hereby removes the above-referenced action from the Superior

20  Court of the State of California for the County of San Bernardino, to the United

21  States District Court for the Central District of California asserting original

22  jurisdiction under 28 U.S.C. § 1332(a)(1) (Diversity), and removal jurisdiction

23  under 28 U.S.C. § 1441, based on diversity of citizenship jurisdiction and states that

24  removal is proper for the following reasons.

25  **I.    BACKGROUND**

26      1.    Plaintiff Fernando Nava ("Plaintiff") filed this action against CEC on

27  May 15, 2019 in the Superior Court for the County of San Bernardino, case

28  entitled: *Fernando Nava v. CEC Entertainment, Inc.*, Case No. CIVDS1915001

69076904.1

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

(the "State Court Action").

2.      In his Complaint, Plaintiff purports to allege claims against Defendant for Disability Discrimination in Violation of FEHA (First Cause of Action); Failure to Engage in the Interactive Process in Violation of FEHA (Second Cause of Action); Failure to Accommodate Disability in Violation of FEHA (Third Cause of Action); Retaliation in Violation of FEHA (Fourth Cause of Action); Retaliation in Violation of Labor Code §1102.5 (Fifth Cause of Action); Failure to Prevent Discrimination and Retaliation (Sixth Cause of Action); Wrongful Termination in Violation of Public Policy (Seventh Cause of Action); Failure to Provide Meal and Rest Breaks (Labor Code §§ 226.7 and 512) (Eighth Cause of Action); Failure to Pay Minimum Wages (Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197) (Ninth Cause of Action); Failure to Pay Overtime Compensation (Labor Code §§ 510, 1194, 1194.2 (Tenth Cause of Action); Failure to Provide Accurate Wage Statements (Labor Code §§ 226, 226.3) (Eleventh Cause of Action); Waiting Time Penalties (Labor Code §§ 201-203) (Twelfth Cause of Action); and Failure to Comply with Labor Code §§ 1198.5 and 226 (Thirteenth Cause of Action).

3.      As discussed in greater detail below, Defendant is a citizen of Kansas and Texas.

4.      On or about May 17, 2019, Defendant first received notice of the State Court Action when it was served with Plaintiff's Summons and Complaint, and accompanying documents.   True and correct copies of the (1) Summons, (2) Complaint, (3) Civil Case Cover Sheet, (4) Certificate of Assignment, (5) Notice of Trial Setting Conference, and (6) Alternative Dispute Resolution information are collectively attached hereto as Exhibit "A."

5.      A true and correct copy of the Proof of Service on the Defendant is attached hereto as Exhibit "B."

6.      On June 13, 2019, Defendant answered the State Court Action in Superior Court for the County of San Bernardino.   A true and correct copy of

2

69076904.1

Defendant's Answer is attached hereto as Exhibit "C."

7.     Exhibits "A" – "C" constitute all pleadings, process and orders served in the State Court Action.

## II.     DIVERSITY JURISDICTION

7.     This Court has original jurisdiction under 28 U.S.C. section 1332 and Defendant may remove it from state court to federal court pursuant to 28 U.S.C. § 1441 because it involves a controversy which exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) and is between citizens of different states.

## III.     CITIZENSHIP OF THE PARTIES

### A.     Plaintiff's Citizenship

8.     Plaintiff is a resident of the State of California.  Complaint, ¶ 3.  Based on information and belief, Plaintiff is a citizen of California.  Residence is prima facie evidence of domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

### B.     CEC's Citizenship

9.     Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Kansas, with its principal place of business in Texas.  Exh. "D," Declaration of Mindy Brown ("Brown Dec.") ¶ 2.  Defendant's principal place of business is Irving, Texas under the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  As Irving, Texas is the site of Defendant's corporate headquarters and executive offices, where Defendant's high level officers direct, control, and coordinate the Company's activities, Defendant's "nerve center" is in Texas.  Exh. "D," Brown Dec. ¶ 3.  Accordingly, Defendant is and has been at all times since this action commenced, a citizen of Kansas and Texas, but not of California.  And furthermore, Plaintiff concedes that Defendant is a Kansas corporation.  Complaint, ¶ 4.

1    Therefore, Defendant is not a citizen of the State of California for removal
2    purposes.

3    **IV.    AMOUNT IN CONTROVERSY**

4          11.    The Complaint makes no specific statements as to the amount in
5    controversy.  Where a specific amount of damages is not alleged in the Complaint,
6    a defendant must show that "it is more likely than not" that the amount exceeds the
7    jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 95 F.3d
8    856, 862 (9th Cir. 1996) ("defendant must provide evidence establishing that it is
9    'more likely than not' that the amount in controversy exceeds [the threshold]
10   amount") amended and superseded on other grounds 102 F.3d 398 (9th Cir. 1996).
11   As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the
12   removal context is not confined to the face of the complaint."  *Valdez v. Allstate*
13   *Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider
14   facts presented in the removal petition).  In determining whether a complaint meets
15   the $75,000 threshold of 23 U.S.C. § 1332(a), a court may consider the aggregate
16   value of claims for compensatory and punitive damages, as well as attorneys' fees.
17   *See, e.g., Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both
18   actual and punitive damages are recoverable under a complaint, each must be
19   considered to the extent claimed in determining jurisdictional amount."); *Goldberg*
20   *v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied*, 459 U.S. 945
21   (1982) (attorneys' fees may be taken into account to determine jurisdictional
22   amount).

23         **A.    Lost Wages**

24         12.    The allegations in the Complaint make clear that Plaintiff believes that
25   the amount at issue is well in excess of $75,000.  Plaintiff alleges that he was
26   wrongfully terminated on November 9, 2018 in retaliation for filing a workers'
27   compensation claim.  Complaint ¶ 15.  Defendant avers that at the time of his
28   dismissal, Plaintiff earned $11.00 per hour and worked approximately 33.4 hours

4

69076904.1

per week.  Exh. "D," Brown Dec. ¶ 4.  If trial were set for one year from now (June 2020), Plaintiff could potentially recover more than $29,000 in lost wages for that 20-month period, plus additional damages for lost benefits.  Plaintiff also alleges that he was required "to work more than eight hours per day and/or more than 40 hours per workweek" and is therefore entitled to recover additional amounts for unpaid overtime.  Complaint ¶ 92.  The Court may consider Defendant's figures in determining whether the amount in controversy requirement is met.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-32 (N.D. Cal. 2002) (while declining to project future wage loss until an estimated trial date, the Court agreed, based on defendant's calculations, that expected damages exceeded the amount claimed by plaintiff in the complaint).  While Defendant denies that Plaintiff is entitled to compensatory damages, for purposes of the amount in controversy requirement, Defendant's projections of Plaintiff's alleged compensatory damages should be considered.

### B.   Emotional Distress Damages

13.   In addition to lost wages, Plaintiff claims damages for alleged "emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame."  Complaint ¶¶ 26, 35, 41, 51, 59 and 65.  While the details of Plaintiff's alleged emotional distress damages are not pleaded in the Complaint, in cases alleging discrimination and wrongful termination, the emotional distress damages award alone often exceeds the $75,000 amount in controversy requirement.  In *Elliot v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001), the jury awarded the plaintiff $1,650,000 in a discrimination case where the plaintiff's only claimed injury was emotional distress damages.  In *Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007), the jury awarded a plaintiff in a discrimination case $768,286, of which $100,000 was for non-economic damages.  *See also Conney v. University of California Regents*, 2004

1   WL 1969934 (Los Angeles County Superior Court, July 27, 2004) ($300,000 in
2   past non-economic damages and $600,000 in future non-economic damages
3   awarded to plaintiff claiming discrimination and retaliation).   These awards
4   demonstrate that, for diversity purposes, the value of the emotional distress facet of
5   Plaintiff's claimed damages exceeds the $75,000 amount in controversy
6   requirement on its own.   *See Simmons*, 209 F. Supp. 2d at 1034 ("[E]motional
7   distress damages may be considered when calculating the amount in controversy
8   even where not clearly pled in the complaint.").   Defendant denies that any
9   emotional distress damages should be awarded in this case; however, for purposes
10   of the amount in controversy requirement, claimed emotional distress damages
11   should be considered.

12       **C.   Punitive Damages**

13       14.   Plaintiff also seeks to recover punitive damages in a sum to be
14   determined at trial. Complaint ¶¶ 28, 36, 43, 53, 59 and 66.   Punitive damages are
15   considered part of the amount in controversy.   *See Simmons*, 209 F. Supp. 2d at
16   1033 ("[t]he amount in controversy may include punitive damages when they are
17   recoverable as a matter of law").   "Punitive damages are available under FEHA."
18   *Id.*   An examination of jury awards shows that punitive damages awards alone in
19   this type of employment case often exceed the $75,000 amount in controversy
20   requirement.   *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Los Angeles
21   County Superior Court, October 7, 2001) ($600,000 award of punitive damages in
22   discrimination case); *Crangle v. Stanford Univ.*, 2000 WL 33800199 (N.D. Cal.,
23   Mar. 30, 2000) (punitive damages award of $200,000 where sole remaining claim
24   was for retaliation based on making complaint of discrimination).   Defendant
25   denies that punitive damages should be awarded in this case; however, for purposes
26   of the amount in controversy requirement, claimed punitive damages should be
27   considered.

28

69076904.1

**D.**    **Attorneys' Fees**

15.   "Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract." *Simmons*, 209 F. Supp. 2d at 1034. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000. It is unimaginable that Plaintiff's counsel would seek less than $75,000 in attorneys' fees for a jury trial on the claims alleged in the Complaint. Defendant denies that any attorneys' fees should be awarded in this case; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered.

**V.**   **VENUE**

16.   Plaintiff originally filed this action in the Superior Court of the State of California, County of San Bernardino. The County of San Bernardino lies within the jurisdiction of the United States District Court, Central District of California.

17.   Therefore, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Central District of this Court pursuant to 28 U.S.C. Sections 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

**VI.**   **TIMELINESS OF REMOVAL**

18.   This Notice of Removal is timely as it is filed within thirty (30) days of Defendant's receipt of the Summons and Complaint on May 17, 2019 and within one (1) year of the commencement of this action. 28 U.S.C. § 1446(b)(2)(C).

**VII.**   **ALL NECESSARY PARTIES HAVE JOINED IN THIS REMOVAL**

19.   Defendant is the only defendant in this action and has been served with the Complaint, the Summons, and other documents. Therefore, there are no additional defendants to join in this removal.

69076904.1

20. Thus, all necessary parties have joined in this removal.

## VIII. **NOTICE OF REMOVAL**

21. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

22. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon or by Defendant in this action are attached hereto as Exhibits "A - C."

WHEREFORE, Defendant requests that the above action pending before the Superior Court of the State of California for the County of San Bernardino be removed to the United States District Court for the Central District of California.

Dated: June 17, 2019

POLSINELLI LLP

By _____

Carmen J. Cole
Emily K. Harvin
Attorneys for Defendant
CEC ENTERTAINMENT, INC.

69076904.1

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CEC ENTERTAINMENT, INC., a Kansas Corporation; and, DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FERNANDO NAVA, an individual

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAY 15 2019 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino District<br><br>247 W. Third Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CIV DS 1915001 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kamran Shahabi; Valiant Law; 4150 Concours Street, #260, Ontario, CA 91764; Tele: (909) 677-2270

| DATE: MAY 15 2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CEC ENTERTAINMENT, INC. A KANSAS CORPORATION

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

COPY

Kamran Shahabi (State Bar No. 276194)
ks@valiantlaw.com
Melissa P. Wilner (State Bar No. 320550)
mw@valiantlaw.com
**VALIANT LAW**
4150 Concours Street, Suite 260
Ontario, California 91764
Phone: 909 677 2270 ✦ Fax: 909 677 2290

Attorneys for Plaintiff, FERNANDO NAVA

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 15 2019

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

FERNANDO NAVA, an individual

　　　　　Plaintiff,

　　v.

CEC ENTERTAINMENT, INC., a Kansas
Corporation; and, DOES 1 through 10,
inclusive,

　　　　　Defendants.

Case No. **CIV DS 1915001**

**PLAINTIFF'S COMPLAINT FOR:**

1. Disability Discrimination in Violation of FEHA;
2. Failure to Engage in the Interactive Process in Violation of FEHA;
3. Failure to Accommodate Disability in Violation of FEHA;
4. Retaliation in Violation of FEHA;
5. Retaliation in Violation of Labor Code § 1102.5;
6. Failure to Prevent Discrimination and Retaliation;
7. Wrongful Termination in Violation of Public Policy;
8. Failure to Provide Meal and Rest Breaks (Labor Code §§ 226.7 and 512);
9. Failure to Pay Minimum Wages (Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197)
10. Failure to Pay Overtime Compensation (Labor Code §§ 510, 1194, 1194.2);
11. Failure to Provide Accurate Wage Statements (Labor Code §§ 226, 226.3);
12. Waiting Time Penalties (Labor Code §§ 201-203); and
13. Failure to Comply with Labor Code §§ 1198.5 and 226.
**DEMAND FOR JURY TRIAL**

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ✦ FAX 909 677 2290

-1-
PLAINTIFF'S COMPLAINT

1    COMES NOW Plaintiff, FERNANDO NAVA, an individual, and alleges as follows:

2                              <u>JURISDICTION AND VENUE</u>

3        1.      This is an unlimited civil case and the Court has jurisdiction over this action because

4    the amount of controversy exceeds $25,000, exclusive of interest and costs.

5        2.      Jurisdiction and venue are also proper in this Court because all the claims alleged

6    herein arose in San Bernardino County and all the defendants are doing or did business in San

7    Bernardino County, and/or their principal place of business is in San Bernardino County, in each

8    case, at the times relevant herein. See also California Code of Civil Procedure § 395(a), which

9    provides that venue is proper in this County because Defendants reside in this County and the harm

10   to Plaintiff occurred in this County.

11                                   <u>PARTIES</u>

12       3.      Plaintiff FERNANDO NAVA (hereinafter, "PLAINTIFF"), at all times relevant

13   hereto, was and is a resident of the State of California.

14       4.      PLAINTIFF is informed and believes, and thereon alleges, that Defendant CEC

15   ENTERTAINMENT, INC. (hereinafter, "CEC"), is a Kansas Corporation doing substantial

16   business in the State of California, County of San Bernardino. CEC is a restaurant which provides

17   gaming services to its customers. Plaintiff's employment was located at 17069 Valley Boulevard,

18   Suite D, Fontana, California 92335.

19       5.      PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 10,

20   inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

21   business at all times herein mentioned and material hereto in the State of California, and are/were

22   the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative,

23   manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned

24   herein acting within the course and scope of said agency and employment, and that all acts or

25   omissions alleged herein were duly committed with the ratification, knowledge, permission,

26   encouragement, authorization and consent of each defendant designated herein.

27       6.      The true names and capacities, whether individual, corporate or associate, or

28   otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore,

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ✦ FAX 909 677 2290

sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to

1 | show their true names and capacities when ascertained.

2 | 7. Defendants CEC and DOES, are hereinafter collectively referred to as

3 | "DEFENDANTS."

4 | 8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, and

5 | each of them, at all times herein mentioned were duly authorized agents, or servants, or

6 | representatives, or co-conspirators of the other, and were acting at all times within the course and

7 | scope of their agency or representative capacity with the knowledge and consent of the other.

8 | <u>EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS</u>

9 | 9. PLAINTIFF exhausted his administrative remedies by timely filing a complaint for

10 | the issues required to be raised herein against DEFENDANTS with the California Department of

11 | Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the

12 | DFEH attached hereto as **Exhibit "A."**

13 | <u>FACTUAL ALLEGATIONS</u>

14 | 10. Defendant CEC is a family restaurant which provides gaming services to its

15 | customers. CEC maintains various locations throughout California, including the location at issue

16 | at 17069 Valley Boulevard, Suite D, Fontana, California 92335.

17 | 11. PLAINTIFF began his employment with Defendant CEC in or about January 2018.

18 | During PLAINTIFF's employment with CEC, PLAINTIFF maintained various positions within at

19 | company and continuously assisted where needed – and met or exceed all expectations. Some of

20 | PLAINTIFF's duties included, but were not limited to, customer service, cashier and assisting

21 | within the game rooms.

22 | 12. At all relevant times mentioned herein, PLAINTIFF was a satisfactory employee,

23 | meeting or exceeding the demands of his position.

24 | 13. On or about May 2018, while PLAINTIFF was in the back of the restaurant, CEC

25 | negligently left water running on the restaurant floor which caused PLAINTIFF to slip and fall.

26 | PLAINTIFF's slip and fall caused him injury which required PLAINTIFF to seek medical attention.

27 | PLAINTIFF immediately reported his injury to DEFENDANT CEC through his manager, but

28 | unfortunately, his manager was quick to brush PLAINTIFF off and refused to provide PLAINTIFF

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

with information in order to seek medical attention for his injures – and instead ignored PLAINTIFF's injury and pleas for medical attention.

14.     To add insult to injury, immediately after advising CEC of his injuries, a group text message demeaning, and bullying PLAINTIFF regarding his slip and fall, and subsequent injury began to circulate throughout the workplace. Even worse, CEC's employees and managers also circulated a video of the incident, and used this information to mock, berate and demean PLAINTIFF at the workplace.  PLAINTIFF's workplace quickly became intolerable and hostile, from both CEC's managers and other agents, employees and supervisors.

15.     Because of his injuries and CEC's failure to act or remedy the injuries, PLAINTIFF was forced to seek medical attention through a workers' compensation attorney. Unbeknownst to PLAINTIFF, however, PLAINTIFF's legal right to file a merited workers' compensation claim caused CEC to immediately discriminate, retaliate against PLAINTIFF and subsequently terminate his employment. On November 9, 2018, PLAINTIFF was pre-textually and wrongfully terminated from his employment with CEC *immediately* after CEC received notice of workers' compensation claim.

14.     In addition to disability discrimination, retaliation and wrongful termination, PLAINTIFF was forced on a consistent basis to work through his lunches and was not provided regularly mandated rest breaks. PLAINTIFF's manager would force PLAINTIFF to clock out of the time management system, but continue to work for CEC, on numerous repeated occasions throughout PLAINTIFF's employment. PLAINTIFF often complained regarding CEC's refusal to provide uninterrupted meal breaks but was advised by CEC's managers and supervisors that PLAINTIFF "needed to help the team out." Fearing that his job would be terminated if he did not follow CEC's illegal demands, PLAINTIFF succumbed to CEC's instruction to clock out, but continue to work during his meal periods.

15.     In addition to CEC's meal and rest break violations, PLAINTIFF was continuously forced to work off the clock. PLAINTIFF was advised that if he wanted to maintain full time hours, he needed to assist when asked, not complain and not ask questions as to the legalities of same. Because PLAINTIFF wanted to ensure that his employment would not be terminated, he continuously worked off the clock after a shift (after being instructed to clock out of the system),

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ✦ FAX 909 677 2290

but, PLAINTIFF was never compensated accordingly under California law.

16. PLAINTIFF has suffered financially and emotionally as a result of DEFENDANT CEC's multiple forms of harassment, hostile work environment, discrimination, retaliation, wrongful termination and violations of the California Labor Code.

17. PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

<u>**FIRST CAUSE OF ACTION**</u>

**Disability Discrimination in Violation of FEHA**

**(As to DEFENDANT CEC and DOES 1 through 10)**

18. PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

19. Defendant CEC was PLAINTIFF's employer at all relevant times mentioned herein.

20. PLAINTIFF was Defendant CEC's employee at all relevant times mentioned herein.

21. At all times herein mentioned, Government Code §§ 12940 et seq., was in full force and effect and was binding on CEC. This status requires CEC to refrain from discrimination against any employee because of his disability.

22. PLAINTIFF suffered from a physical disability – injuries to his body – while he was working for DEFENDANT CEC and was subject to disparate treatment because of his disability.

23. Upon receiving PLAINTIFF's first request (in May 2018 at the time of the incident) for reasonable and simple accommodations (time off) and/or medical treatment, Defendant CEC refused to accommodate PLAINTIFF. Despite CEC's refusal, PLAINTIFF continued to request accommodations and/or the ability to seek medical attention, but each of his requests were never accommodated or flat out denied. After months of being in pain, PLAINTIFF sought medical attention through workers' compensation. The day CEC was notified of PLAINTIFF's filing of his workers' compensation claim, CEC pretextually terminated PLAINTIFF's employment.

24. As a result of CEC's disparate treatment of PLAINTIFF, PLAINTIFF was harmed.

25. As a proximate result of CEC's discrimination and retaliation, PLAINTIFF has sustained and continues to sustain losses in earnings and other employment benefits.

26. As a proximate result of CEC's discrimination and retaliation, PLAINTIFF has

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

sustained and continues to suffer emotional distress, mental and physical pain, anguish, pain and

1 | suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

2 |  27.   CEC's disparate treatment of the PLAINTIFF was a substantial factor in causing

3 | PLAINTIFF's harm.

4 |  28.   In light of CEC's willful, knowing, and intentionally malicious and/or oppressive

5 | conduct, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according

6 | to proof at trial.

7 |  29.   PLAINTIFF has incurred and continue to incur legal expenses and attorneys' fees.

8 | PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

9 |  **SECOND CAUSE OF ACTION**

10 |  **Failure to Engage in the Interactive Process in Violation of FEHA**

11 |  **(As to DEFENDANT CEC and DOES 1 through 10)**

12 |  30.   PLAINTIFF incorporates by reference, repeats and realleges, all preceding and

13 | subsequent paragraphs.

14 |  31.   In violation of California Government Code § 12940(n), CEC failed to engage in the

15 | interactive process concerning reasonable accommodations for PLAINTIFF's disability.  There are

16 | no magic words to necessitate the good faith interactive process, "'the obligation [to engage in the

17 | interactive process] arises once the employer becomes aware of the need to consider an

18 | accommodation.'" (*Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, fn. 22.) PLAINTIFF was

19 | at all times ready and willing to engage in the good faith interactive process. However, CEC failed

20 | to engage in the good faith interactive process with PLAINTIFF.

21 |  32.   Upon receiving PLAINTIFF's request for reasonable accommodations, Defendant

22 | CEC refused to accommodate PLAINTIFF. Despite CEC's refusal, PLAINTIFF continued to

23 | request accommodations, but to no prevail. Once PLAINTIFF sought medical treatment on his own

24 | through workers compensation, CEC immediately retaliated against PLAINTIFF and wrongfully

25 | terminated his employment.

26 |  33.   CEC intentionally, knowingly, and willfully failed to engage in a timely, good faith,

27 | interactive process with PLAINTIFF to determine whether it could provide effective reasonable

28 | accommodations to PLAINTIFF.  Instead, CEC retaliated against PLAINTIFF by wrongfully

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-6-

terminating his employment. PLAINTIFF alleges that CEC performed the aforementioned conduct

1 with malice and/or with the intent to oppress him.

2     34.    As a proximate result of CEC's wrongful conduct, PLAINTIFF has sustained and

3 continues to sustain losses in earnings and other employment benefits.

4     35.    As a proximate result of CEC's wrongful conduct, PLAINTIFF has suffered and

5 continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of

6 sleep, loss of appetite, anxiety, depression and shame.

7     36.    In light of CEC's willful, knowing, and intentionally malicious and/or oppressive

8 conduct, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according

9 to proof at trial.

10     37.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

11 PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

12 **THIRD CAUSE OF ACTION**

13 Failure to Accommodate Disability in Violation of FEHA

14 (As to DEFENDANT CEC and DOES 1 through 10)

15     38.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and

16 subsequent paragraphs.

17     39.    California Government Code § 12940(m) makes it an unlawful employment practice

18 from an employer to fail to make reasonable accommodations for a known physical disability of an

19 employee. This statute requires Defendants to provide reasonable accommodations that will allow

20 an employee suffering from physical disability to perform the essential functions of his job.

21     40.    Upon receiving PLAINTIFF's request for reasonable accommodations, Defendant

22 CEC refused to accommodate PLAINTIFF. Instead, CEC retaliated against and wrongfully

23 terminated PLAINTIFF upon his protected activity (of filing his workers' compensation claim).

24     41.    As a proximate result of CEC's failure to reasonably accommodate PLAINTIFF's

25 disability, PLAINTIFF has sustained and continues to suffer emotional distress, mental and physical

26 pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

27     42.    CEC's failure to reasonably accommodate PLAINTIFF's disability was a substantial

28 factor in causing PLAINTIFF's harm.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

43.    In light of the willful, knowing, and intentional failure to reasonably accommodate PLAINTIFF'S disability and disability, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at trial.

44.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (As to DEFENDANT CEC and DOES 1 through 10)

45.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

46.    PLAINTIFF engaged in a protected activity when complained about DEFENDANTS' unlawful employment practices as it relates to CEC's disability discrimination against PLAINTIFF, and his right to seek treatment, medical attention and/or accommodation.

47.    PLAINTIFF was terminated as a result of his complaints for not receiving accommodations because of his disability, and because PLAINTIFF filed a formal workers' compensation claim against CEC.

48.    By engaging in the above-referenced acts and omissions, CEC retaliated against PLAINTIFF because he participated in protected activities (exercising his legal rights under California law), in violation of Government Code §§ 12940 et seq.

49.    PLAINTIFF engaging in these protected activities were motivating reasons for CEC to retaliate against PLAINTIFF.

50.    As a proximate result of CEC's wrongful conduct, PLAINTIFF has sustained and continues to sustain losses in earnings and other employment benefits.

51.    As a proximate result of CEC's wrongful conduct, PLAINTIFF has suffered and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

52.    CEC's retaliatory conduct was a substantial factor in causing PLAINTIFF's harm.

53.    In light of the willful, knowing, and intentional discrimination and retaliation by CEC, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-8-

proof at trial.

54.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

### FIFTH CAUSE OF ACTION

### Retaliation in Violation of Labor Code § 1102.5

### (As to CEC, and DOES 1 through 10, inclusive)

55.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

56.     At all times herein mentioned, Labor Code § 1102.5 was in full force and effect to promote a "broad public policy interest in encouraging workplace whistleblowers to report unlawful acts without fearing retaliation." (*See Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 77 (Cal. 1998).)

57.     PLAINTIFF, on numerous occasions throughout his employment, complained to DEFENDANTS regarding DEFENDANTS' failure to properly compensate PLAINTIFF in violation of the *Labor Code* for violations of his right to uninterrupted meal periods and regular rest periods.

58.     DEFENDANTS retaliated against PLAINTIFF by discriminating against him, retaliating against PLAINTIFF based on his grievances, and took adverse employment actions, including PLAINTIFF's wrongful termination upon CEC's immediate notice of PLAINTIFF's workers' compensation claim.

59.     As a proximate result of DEFENDANTS' willful, knowing, and intentional violations of *Labor Code* section 1102.5, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof. As a result of DEFENDANTS' adverse employment actions against PLAINTIFF, PLAINTIFF has suffered general and special damages in sums according to proof. DEFENDANTS' misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling plaintiff to punitive damages against DEFENDANTS.

/ / /

/ / /

VALLANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-9-

VALLANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

*/ / /*

## SIXTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation in Violation of FEHA

#### (As to DEFENDANT CEC and DOES 1 through 10)

60.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

61.     While employed with DEFENDANT, PLAINTIFF was subjected to harassment based on his disability and retaliation.

62.     DEFENDANT failed to take reasonable steps to prevent the harassment, discrimination and retaliation.

63.     DEFENDANT's failure to take reasonable steps to prevent the harassment, discrimination, and retaliation was a substantial factor in causing PLAINTIFF's harm.

64.     As a proximate result of DEFENDANT's failure to prevent the harassment, discrimination, and retaliation, PLAINTIFF has sustained and continues to sustain losses in earnings and other employment benefits.

65.     As a proximate result of DEFENDANT's failure to prevent the harassment, discrimination, and retaliation, PLAINTIFF has sustained and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame.

66.     In light of the willful, knowing, and intentional failure to prevent the harassment, discrimination, and retaliation, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at trial.

67.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF will seek the recovery of his attorneys' fees and costs at the conclusion of this lawsuit.

## SEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of FEHA

#### (As to DEFENDANT CEC and DOES 1 through 10)

68.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

/ / /

69.     At all relevant times mentioned herein, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 was and is to prohibit employers from discriminating and retaliating against any individual based on, among other things, their exercise of rights under that Section.  This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of DEFENDANT in discriminating, retaliating and terminating PLAINTIFF on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California and the laws and regulation promulgated thereunder.

70.     PLAINTIFF was retaliated against, and ultimately discharged, in violation of public policy.

71.     In so doing, said managing agents and/or officers of CEC, acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, PLAINTIFF is entitled to an award of punitive damages.

72.     As a proximate result of the aforesaid acts, PLAINTIFF lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and have suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

73.     As a proximate result of the foregoing, PLAINTIFF has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this Court.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Meal and Rest Breaks

### (As to DEFENDANT CEC and DOES 1 through 10)

74.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

75.     Labor Code § 512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes for every period of work exceeding five hours.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

///

76.     Labor Code § 226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours

77.     In the four years last past, Plaintiff regularly worked in excess of five hours per day and was thereby entitled to take uninterrupted 30-minute meal periods and 10-minute rest periods on each day of work.

78.     All relevant times, Defendants failed and refused to provide Plaintiff with meal and rest periods during his shifts and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§ 226.7 and the applicable sections of 8 Code of Regulations § 11050 and Industrial Welfare Commission Order No. 5-2001.

79.     As alleged herein, Plaintiff is not exempt from the meal and rest breaks requirements of 8 Code of Regulations § 11050 and industrial Welfare Commission Order No. 5-2001. Consequently, Plaintiff is owed one hour of pay at his regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he was denied such meal periods, and is owed one hour of pay at this regular hourly rate, or the requisite minimum wage, whichever is greater for each day he was denied such rest periods.

80.     Plaintiff has been deprived of his rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

81.     Consequently, PLAINTIFF seeks all recoverable wages, penalties, and attorney's fees as permitted under the law.

## NINTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### (As to DEFENDANT CEC and DOES 1 through 10)

82.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

83.     At all relevant times, PLAINTIFF was a non-exempt employee of DEFENDANT CEC and entitled to the full protections of the Labor Code and of the Wage Order.

84.     Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-12-

///

85.     Section 2(G) of the Wage Order defines "hours worked" and "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

86.     Labor Code §§ 1194 and 1197, and § 4 of the Wage Order require employers to pay non-exempt employees at least minimum wage for each hour worked.

87.     At all relevant times during their employment, DEFENDANT CEC failed to pay PLAINTIFF at least minimum wage for each hour worked. Specifically, PLAINTIFF performed "off-the-clock" work, unpaid work during his off-duty meal and rest periods, and without actual or premium pay at DEFENDANT CEC'S insistence, direct and control.

88.     Pursuant to Labor Code §§ 1194 and 1194.2, PLAINTIFF seeks recovery of all unpaid minimum wages, interest thereon, liquidated damages in an amount equal to the amount of unpaid minimum wages, costs of suit, and reasonable attorneys' fees, all in amounts subject to proof.

### TENTH CAUSE OF ACTION

#### Failure to Pay Overtime Compensation

#### (As to Defendant CEC and DOES 1 through 10)

89.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

90.     Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

91.     Labor Code § 558(a) requires that any person acting on behalf of an employer who violates, or causes to be violated, overtime rules pay a civil penalty on the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code § 558(a) provides that for each

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◊ FAX 909 677 2290

subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

92.     At all relevant times, Defendant CEC required PLAINTIFF to work more than eight hours per day and/or more than 40 hours per workweek.

93.     At all relevant times, Defendant CEC failed and refused to pay PLAINTIFF all the overtime compensation required by Labor Code §510, 8 Code of Regulations § 11050, and Industrial Welfare Commission Order No. 5-2001.

94.     As alleged herein, PLAINTIFF is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11050, and Industrial Welfare Commission Order No. 5-2001.

95.     In addition to withheld overtime wages, PLAINTIFF is entitled to civil penalties in this amount stated above based upon Defendant CEC's underpayment of overtime wages. Defendant CEC violated Labor Code §558 on each of the past 21 pay periods, the first of which Defendant CEC is penalized $50.00, and the remainder of which Defendant CEC is penalized $100.00 for each subsequent violation.

96.     As alleged herein, PLAINTIFF is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11050, and Industrial Welfare Commission Order No. 5-2001.

97.     PLAINTIFF has been deprived of his rightfully earned overtime compensation as a direct and proximate result of DEFENDANT CEC's failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## ELEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### (As to Defendant CEC and DOES 1 through 10)

98.     PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

99.     California *Labor Code* § 226(a) requires CEC, and DOES 1 through 10, inclusive, to accurately itemize in wage statements all deductions from payment of wages, gross wages earned,

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

and benefits accrued by PLAINTIFF.

100.   CEC, and DOES 1 through 10, inclusive, knowingly and intentionally failed to comply with Labor Code § 226(a) by failing to provide proper wage statements to PLAINTIFF for the duration of his employment, including but not limited to, unlawfully failing to pay PLAINTIFF minimum wages, overtime wages, or the one hour of premium pay for the missed or interrupted rest and meal break periods.

82.   By failing to keep adequate records as required by § 226 of the Labor Code, CEC, and DOES 1 through 10, inclusive, have injured PLAINTIFF.

101.   CEC, and DOES 1 through 10, inclusive, failure to comply with the Labor Code is unlawful pursuant to *Labor Code* § 1175 and similar IWC Wage Orders.

102.   As a result of these knowing and intentional failures to comply with these Labor Code requirements, and PLAINTIFF'S injuries, PLAINTIFF is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and it entitled to an award of costs and reasonable attorney's fees.

103.   As a further result of the foregoing, and pursuant to *Labor Code* § 226(h), PLAINTIFF is seeking injunctive relief to ensure CEC, and DOES 1 through 10, inclusive, and each of them, comply with the above requirements of the Labor Code, and seeking an award of costs and reasonable attorney's fees.

<u>TWELFTH CAUSE OF ACTION</u>

Waiting Time Penalties

(As to Defendant CEC and DOES 1 through 10)

104.   PLAINTIFF incorporates by reference, repeats and realleges, all preceding and subsequent paragraphs.

105.   *Labor Code* §201 requires employers to immediately pay all earned and unpaid wages to discharged employees at the time of discharge.

106.   PLAINTIFF is no longer employed by CEC, and DOES 1 through 10, inclusive, as he was wrongfully terminated. CEC, and DOES 1 through 10, inclusive, failed to pay PLAINTIFF

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

all of PLAINTIFF'S earned and unpaid minimum and overtime wages immediately at the time they

1 | discharged PLAINTIFF from employment.

2 |     107.   CEC, and DOES 1 through 10, inclusive, failure to pay wages, as alleged above, was

3 | willful in that CEC, and DOES 1 through 10, inclusive, knew wages were due but failed to pay

4 | them, thus entitling PLAINTIFF to penalties under Labor Code § 203, which provides that an

5 | employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from

6 | the time they were due.

7 |     108.   CEC, and DOES 1 through 10, inclusive, failed to pay PLAINTIFF a sum certain at

8 | the time of termination, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant

9 | to Labor Code § 203, PLAINTIFF is entitled to penalties in the amount of their daily wages

10 | 

**THIRTEENTH CAUSE OF ACTION**

11 | **Failure to Comply with *Labor Code* Sections 1198.5 and 226**

12 | **(As to Defendant CEC and DOES 1 through 10)**

13 |     109.   PLAINTIFF incorporates by reference, repeats, and realleges all preceding and

14 | subsequent paragraphs.

15 |     110.   Whether pursuant to or apart from litigation discovery, every current and former

16 | employee, or his or her representative, has the right to inspect and receive a copy of his or her

17 | personnel records relating to his or her performance or to any grievance concerning the employee

18 | pursuant to *Labor Code* Section 1198.5.

19 |     111.   Current and former employees also have the right to inspect or copy their own payroll

20 | records pursuant to *Labor Code* Section 226.

21 |     112.   On April 6, 2018, PLAINTIFF, a former employee, sent DEFENDANTS a request

22 | for his personnel file and payroll records pursuant to *Labor Code* Sections 1198.5 and 226.

23 | PLAINTIFF's request included his signed authorization to release all requested records under *Labor*

24 | *Code* Sections 1198.5 and 226.

25 |     113.   PLAINTIFF, to date, has failed to receive his personnel file from DEFENDANTS

26 | despite his express and actual knowledge of the *Labor Code*.  PLAINTIFF believes (based on his

27 | experience and DEFENDANTS' similar handling of personnel file requests of other employees)

28 | that DEFENDANTS failure has been an intentional tactic to attempt to delay this action and restrict

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-16-

PLAINTIFF from key documents and information necessary to support his claims. As such, DEFENDANTS actions will not be tolerated, and PLAINTIFF will seek the maximum amount recoverable based on DEFENDANTS' actions.

114.   As a result of DEFENDANTS' failure to respond, DEFENDANTS are liable for penalties and damages under the *Labor Code*.   PLAINTIFF is also entitled to general and compensatory damages and attorneys' fees in an amount to be proven at trial.

## JURY TRIAL DEMANDED

115.   PLAINTIFF demands a jury as to all causes of action and prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1.   For general economic and non-economic damages according to proof;

2.   For compensatory damages according to proof;

3.   For restitution of unpaid monies;

4.   For liquidated damages;

5.   For civil penalties;

6.   For special damages according to proof;

7.   For punitive damages where allowed by law;

8.   For pre-judgment and post-judgment interest on all damages awarded;

9.   For attorneys' fees where allowed by law;

10.   For costs of suit incurred herein; and

11.   For such other and further relief as this Court deems just and proper.

DATED: May 15, 2019                    VALIANT LAW

By: _____
KAMRAN SHAHABI
MELISSA P. WILNER
Attorney for Plaintiff FERNANDO NAVA

VALIANT LAW
4150 CONCOURS ST., SUITE 260
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                  KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 12, 2019

Raymond Babaian
4150 Concours St., Ste. 260
Ontario, CA 91764

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201902-05116912
      Right to Sue: Nava / CEC Entertainment, Inc

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 12, 2019

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 201902-05116912
       Right to Sue: Nava / CEC Entertainment, Inc

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

February 12, 2019

Fernando Nava
16200 Arrow Boulevard Suite 198
Fontana, California 92335

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201902-05116912
      Right to Sue: Nava / CEC Entertainment, Inc

Dear Fernando Nava,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 12, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
### BEFORE THE STATE OF CALIFORNIA
### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Fernando Nava                                    DFEH No. 201902-05116912

                          Complainant,

vs.

CEC Entertainment, Inc
17069 Valley Boulevard Suite D
Fontana, California 92335

                          Respondents

---

1. Respondent **CEC Entertainment, Inc** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Fernando Nava**, resides in the City of **Fontana** State of **California**.

3. Complainant alleges that on or about **November 9, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other.

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated.

**Additional Complaint Details:** Mr. Nava began his employment with CEC in January 2018. Throughout his employment, Mr. Nava was a satisfactory employee. In May 2018, Mr. Nava was injured in a work related injury. Mr. Nava immediately reported the injury to his supervisor, but at no point did his supervisor do anything to

Date Filed: February 12, 2019

1   attend to his injuries. Instead, a group chain began circling through the workplace
2   which showed the video of Mr. Nava falling and injuring himself. Humiliated by the
    incident, Mr. Nava once again reported the harassment to his supervisor, but once
3   again none of his complaints were ever investigated. Within the next few months,
4   Mr. Nava continued to complain regarding the pain he was suffering because of his
    work related injury, but once again his supervisors continued to ignore his requests.
5   Unable to endure the pain any longer, Mr. Nava filed a workers compensation claim
6   in November 2018. Immediately upon CEC's receipt of such complaint, Mr. Nava
    was wrongfully terminated in relation or making such filing.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -2-
                          Complaint -- DFEH No. 201902-05116912
28
    Date Filed: February 12, 2019

VERIFICATION

I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On February 12, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Ontario, California**

-3-
*Complaint – DFEH No. 201902-05116912*

Date Filed: February 12, 2019

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>—Kamran Shahabi (SBN 276194) / Melissa P. Wilner (SBN 320550)<br>VALIANT LAW<br>4150 Concours Street, Suite 260<br>Ontario, CA 91764<br>TELEPHONE NO.: (909)677-2270      FAX NO.: (909)677-2290<br>ATTORNEY FOR (Name): Plaintiff, Fernando Nava | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAY 15 2019 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: San Bernardino District

CASE NAME:
Nava v. CEC Entertainment, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS 1915001 |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>     condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>Enforcement of Judgment<br>[ ] Enforcement of judgment (20) |
| Non-PI/PD/WD (Other) Tort<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| Employment<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | | |

**2.** This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
**4.** Number of causes of action *(specify):* 
**5.** This case [ ] is  [✓] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 15, 2019
Kamran Shahabi                                                    _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                  CIVIL CASE COVER SHEET        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                                   Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                                        www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Fernando Nava

vs.

CEC Entertainment, Inc.

CASE NO. CIV DS 1915001

CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Wrongful Termination | Defendant's Office is located within the District |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| CEC Entertainment, Inc. | | 17069 Valley Boulevard, Suite D | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fontana | California | | 92335 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on May 15, 2019 at Ontario , California

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
--------------------------------------------------------------------------
--------------------------------------------------------------------------
                                        CASE NO: CIVDS1915001
    VALIANT LAW
    4150 CONCOURS STREET
    SUITE 260
    ONTARIO CA 91764
                            NOTICE OF TRIAL SETTING CONFERENCE


IN RE: NAVA -V- CEC ENTERTAINMENT

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

         HEARING DATE: 11/15/19 at  8:30 in Dept. S24


DATE: 05/15/19  Nancy Eberhardt, Court Executive Officer
                                      By: ELYZABETH GOMEZ
--------------------------------------------------------------------------
--------------------------------------------------------------------------
                      CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter .
(X) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 05/15/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 05/15/19 at San Bernardino, CA

                            BY: ELYZABETH GOMEZ



## Superior Court of California-County of San Bernardino

## ALTERNATIVE DISPUTE RESOLUTION

### What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

### Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

### Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

### The Most Common Types of ADR: Mediation and Arbitration

#### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

#### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

**To locate a dispute resolution program or neutral in your community:**

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

- Contact the local bar association, or;

- Look in a phone directory under mediation or arbitration services.

**The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.**

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA  91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
*www.innedbd.com*

**\*\***

# EXHIBIT B



# Notice of Service of Process

null / ALL
**Transmittal Number: 19826204**
**Date Processed: 05/20/2019**

| | |
|---|---|
| Primary Contact: | David Deck<br>CEC Entertainment, Inc.<br>1707 Market Place Blvd, Suite 200<br>Irving, TX 75063 |

| | |
|---|---|
| Entity: | CEC Entertainment, Inc.<br>Entity ID Number  1707626 |
| Entity Served: | CEC Entertainment, Inc |
| Title of Action: | Fernando Nava vs. CEC Entertainment, Inc |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | San Bernardino County Superior Court, CA |
| Case/Reference No: | CIVDS 1915001 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/17/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Kamran Shahabi<br>909-677-2270 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

POLSINELLI LLP
Carmen J. Cole (SBN 218489)
Emily K. Harvin (SBN 299950)
2049 Century Park East, 29th Floor
Los Angeles, CA 90067
Tel:  (310) 556-1801
Fax:  (310) 556-1802
ccole@polsinelli.com
eharvin@polsinelli.com

Attorneys for Defendant
CEC ENTERTAINMENT, INC.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUN 1 3 2019

BY _____
MANUEL HENRY ADRIANO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| FERNANDO NAVA, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>CEC ENTERTAINMENT, INC., a Kansas Corporation; and, DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO: CIVDS1915001<br><br>**DEFENDANT CEC ENTERTAINMENT, INC.'S ANSWER TO PLAINTIFF FERNANDO NAVA'S COMPLAINT**<br><br>Complaint Filed:  May 15, 2019<br>Trial Date:  Not set |

Defendant CEC ENTERTAINMENT, INC. ("Defendant") hereby answers the unverified Original Complaint ("Complaint") filed by Plaintiff FERNANDO NAVA ("Plaintiff"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

69078879.1

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

### THIRD AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

### FOURTH AFFIRMATIVE DEFENSE

#### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

### FIFTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

### SIXTH AFFIRMATIVE DEFENSE

#### (Bona Fide Occupational Qualification)

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

69078879.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exemption from State Overtime and Meal and Rest Break Requirements)

Plaintiff was exempt from the overtime compensation and meal and rest break requirements contained in the Labor Code and in the applicable wage orders of the Industrial Welfare Commission.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Availability of Damages)

Pursuant to Business & Professions Code section 17200 et seq., Plaintiff is not entitled to an award of damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

69078879.1

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Liability For Hours That Are Not Working Time)

The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Penalty)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to any penalty, including but not limited to, penalties awarded under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5. and IWC Order No. 12-2000, because, at all relevant times, Defendant did not willfully fail to comply with the compensation provisions of California law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

69078879.1

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

### (No Waiting Time Penalties)

3      The Complaint, and each and every cause of action alleged therein, fails to state a claim for

4 waiting time penalties under Labor Code section 203 and applicable federal law.

5

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

6

### (No Claim for Failure to Prevent)

7      Plaintiff's cause of action in the Complaint for Failure to Prevent Discrimination and

8 Retaliation is barred because no independent private rights of action exist under California

9 Government Code § 12940(k).

10

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

11

### (Not a Covered Employer)

12     The Complaint, and each and every cause of action alleged therein, is barred as Defendant

13 was not a covered employer at the time the alleged wrongful conduct occurred.

14

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

15

### (Failure to Cooperate in the Interactive Process)

16     The Complaint and each cause of action therein, or some of them, are barred, in whole or

17 in part, because Plaintiff failed to cooperate in good faith in the interactive process.

18

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19

### (Not a Substantial Motivating Reason)

20     The Complaint, and each and every cause of action alleged therein, is barred as

21 Defendant's alleged actions were not a substantial motivating reason for the alleged adverse

22 employment action.

23

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24

### (Unjust Enrichment)

25     Plaintiff may not recover damages in this action because, under the circumstances

26 presented, it would constitute unjust enrichment.

27

28

69078879.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Plaintiff is Not a Qualified Individual with a Disability)**

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Reasonable Accommodation Creates Undue Hardship)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Same Decision Limits Remedies)**

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Unconstitutionality of Penalties)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks

1  under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-

2  2000, and any award of such penalties or damages would, in general or under the facts of

3  Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the

4  United States and California Constitutions.

5  **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

6  **(Unknown Hours Worked)**

7  The Complaint, and each and every cause of action alleged therein, is barred or at least

8  limited, by the doctrine of unknown hours worked.

9  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

10  **(Waiver)**

11  The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's

12  waiver.

13  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

14  **(Workers' Compensation)**

15  The Complaint, and each and every cause of action alleged therein, is preempted by the

16  Workers' Compensation Act. Further, any claims by Plaintiff based in whole or in part upon any

17  alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive

18  remedy, if any, for such injuries, is governed by the California Workers' Compensation Act

19  pursuant to California Labor Code sections 3600 *et seq.*

20  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

21  **(Failure to Exhaust Workers' Compensation Remedies)**

22  Plaintiff is barred from, and has waived, any recovery for any alleged physical or

23  emotional injury or distress, to the extent that Plaintiff has failed to pursue and exhaust his

24  remedies, if any, under the California Workers' Compensation Act, California *Labor Code* section

25  3600 *et seq.*

26  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

27  **(Offset)**

28  Any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by

8

ANSWER

1  any benefits and/or other monies that Plaintiff has received or will receive, whether through

2  employment, disability insurance, unemployment insurance, workers' compensation or otherwise.

### FORTIETH AFFIRMATIVE DEFENSE

#### (No Willful Deprivation of Wages)

The Complaint, and each purported cause of action alleged therein, is barred because Defendants did not willfully, intentionally, arbitrarily or without just cause deprive Plaintiff of any wages to which they were entitled under California law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Waiver of Meal and Rest Periods)

To the extent that Plaintiff did not receive a rest or meal period during his work shifts, it was because Plaintiff waived and/or elected to forego such rest or meal period.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (On-Duty Meal Period/Nature of the Work Exception)

Based on the nature of work exception, Plaintiff executed a lawful on-duty and/or second meal period agreements with Defendant or Defendant's representatives, providing for a paid, on-duty meal period.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### (Exemption)

The Complaint is barred, in whole or in part, because Plaintiff was exempt from receiving overtime compensation because during all of the times at issue herein, Plaintiff qualified under exemptions recognized under applicable laws.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Plead With Specificity)

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff has failed to plead with the requisite specificity.

### ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and therefore reserves the right to assert

69078879.1

1 | additional defenses in the event discovery indicates that such defenses are appropriate.

2 | **PRAYER FOR RELIEF**

3 | WHEREFORE, Defendant prays for judgment as follows:

4 | 1.  That Plaintiff take nothing by way of the Complaint;

5 | 2.  That judgment be entered against Plaintiff and in favor of Defendant on all causes

6 | of action;

7 | 3.  That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

8 | 4.  That Defendant be awarded such other and further relief as the Court may deem

9 | just and proper.

11 | DATED: June 12, 2019

Polsinelli LLP

Carmen J. Cole
Emily K. Harvin
Attorneys for Defendant
CEC ENTERTAINMENT, INC.

69078879.1

1    **PROOF OF SERVICE**

2        I, Jill A. Serena, declare as follows:

3        I am employed in Los Angeles County, Los Angeles, California.  I am over the age
of eighteen years and not a party to this action.  My business address is 2049 Century Park East,
4    Suite 2900, Los Angeles, California 90067.  On June 13, 2019, I served the within:

5    **DEFENDANT CEC ENTERTAINMENT, INC.'S ANSWER
TO PLAINTIFF FERNANDO NAVA'S COMPLAINT**
6

7    on the interested parties in this action addressed as follows:

8        Kamran Shahabi, Esq.
         Melissa P. Wilner, Esq.
9        VALIANT LAW
         4150 Concours Street, Suite 260
10       Ontario, California 91764
         Telephone:  (909) 677-2270
11       Facsimile:  (909) 677-2290
         Email:  ks@valiantlaw.com
12       Email:  mw@valiantlaw.com

13       **Attorneys for Plaintiff FERNANDO NAVA**

14
     ☒    **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage
15        thereon fully prepaid for first class mail, for collection and mailing at Polsinelli
          LLP following ordinary business practice. I am readily familiar with the practice at
16        Polsinelli LLP for collection and processing of correspondence for mailing with
          the United States Postal Service, said practice being that in the ordinary course of
17        business, correspondence is deposited in the United States Postal Service the same
          day as it is placed for collection.
18

19   ☐    **(BY OVERNIGHT MAIL)** By placing such document(s) in a sealed envelope,
          for collection and overnight mailing at Polsinelli LLP following ordinary business
20        practice. I am readily familiar with the practice at Polsinelli LLP for collection and
          processing of overnight service mailing, said practice being that in the ordinary
21        course of business, correspondence is deposited with the overnight messenger
          service, Federal Express, for delivery as addressed.
22

23   ☐    **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically
          from my e-mail address, jserena@polsinelli.com at Polsinelli LLP, to the person(s)
24        at the electronic mail addresses listed above.

25

26

27

28

PROOF OF SERVICE

1        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct and that this declaration was executed on June 13, 2019, at
2    Los Angeles, California.

3

4    _____

5    Jill A. Serena

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

68670756.1

```
*****************************************
* Superior Court of Calif, County of   *
*                                       *
*                                       *
* Sn Brnd Civil                         *
*---------------------------------------*
* Receipt # 201906130574  Oper: MAAND   *
*  6/13/19 Case #    DS1915001          *
* Case Type .; CIVIL                    *
* Payment Type; CHECK                   *
* Received:             $435.00         *
*         Fee :         $435.00         *
* Change;                 $0.00         *
*                 - Name -              *
* NAVA -V- CEC ENTERTAINMENT            *
* UNLIMITED CIVIL RESPONSE FEE S        *
*****************************************
```

# EXHIBIT D

1  POLSINELLI LLP
   CARMEN J. COLE (SBN 218489)
2  ccole@polsinelli.com
   EMILY K. HARVIN (SBN 285329)
3  eharvin@polsinelli.com
   2049 Century Park East, Suite 2900
4  Los Angeles, CA 90067
   Telephone:  (310) 556-1801
5  Facsimile:   (310) 556-1802 Fax

6  Attorneys for Defendant
   CEC ENTERTAINMENT, INC.
7

8                UNITED STATES DISTRICT COURT FOR THE
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11 FERNANDO NAVA, an individual,          Case No.

12                       Plaintiff,       **DECLARATION OF MINDY
                                          BROWN IN SUPPORT OF
13         v.                             DEFENDANT CEC
                                          ENTERTAINMENT, INC.'S
14 CEC ENTERTAINMENT, INC., a             NOTICE OF REMOVAL**
   Kansas Corporation; and DOES 1
15 through 10, inclusive,,                (Superior Court of the State of
                                          California the County of San
16                       Defendant.       Bernardino Case No. CIVDS
                                          1915001)
17
                                          Complaint Filed: May 15, 2019
18
                                          Trial Date:  None
19

20

21         <u>**DECLARATION OF MINDY BROWN**</u>

22 I, Mindy Brown, declare as follows:

23         1.      I am the Western Region Human Resources Manager for Defendant

24 CEC Entertainment, Inc. ("CEC") and have held this position since 2016.  My

25 responsibilities in this position include, but are not limited, to human resource

26 functions for individuals employed by CEC. In this capacity, I have personal

27 knowledge of the facts set forth in this declaration, or I have knowledge of such

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

1  facts based on my review of the business records and files of CEC.  I submit this
2  declaration in support of CEC's removal of this civil action to this Court.

3    2.    As the Executive Director, Human Resources, I am familiar with
4  CEC's corporate structure. CEC is a Kansas corporation.  CEC's principal place of
5  business is located in Irving, Texas at 1707 Market Place Boulevard, Suite 200.

6    3.    Irving, Texas is the site of CEC's corporate headquarters and executive
7  officers, and where CEC's high level officers direct, control, and coordinate the
8  company's activities.

9    4.    As part of my duties, I regularly review employee records, such as
10  personnel files, kept in the ordinary course of business. I have access to and have
11  personally reviewed Plaintiff Fernando Nava's personnel information with CEC.
12  Based on my review of Mr. Nava's personnel information with CEC, maintained in
13  the regular course of business, Mr. Nava worked for CEC, which is doing business
14  as Chuck E. Cheese's, in Fontana, California. When Mr. Nava's employment with
15  CEC ended, his hourly rate of compensation was $11.00 per hour.  Mr. Nava was a
16  part-time employee at CEC, and worked an average of 33.34 hours per week.

17    I declare under penalty of perjury under the laws of the United States of
18  America that the foregoing is true and correct.

19    Executed on this _14_ day of June, 2019 at Lemon Grove, California.

20
21                                        MINDY BROWN
22
23
24
25
26
27
28

DECLARATION OF MINDY BROWN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
69078957.1